IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| DREAM Capital Management LLC as Trustee for the DCFI NPN2 0215001 Trust,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>Deutsche Bank National Trust Company, as Trustee of the Residential Asset Securitization Trust 2006-A9CB, Mortgage Pass-Through Certificates, Series 2006-1 under the Pooling and Servicing Agreement dated July 1, 2006, Mortgage Electronic Registration Systems, Inc., as nominee for Nation One Mortgage Company, OneWest Bank, FSB n/k/a CIT Bank, N.A., Sheila Hennessey, Dennis Hennessey, Internal Revenue Service, and Midland Funding LLC,<br><br>　　　Defendants. | Case No. 2:19-cv-00560-NT |

## MOTION TO DISMISS AMENDED COMPLAINT

Deutsche Bank National Trust Company, as Trustee of the Residential Asset Securitization Trust 2006-A9CB, Mortgage Pass-Through Certificates, Series 2006-1 under the Pooling and Servicing Agreement dated July 1, 2006 ("***Deutsche Bank***"), by and through its undersigned counsel, respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Amended Complaint (the "***Motion***")[1], and in support thereof respectfully state as follows:

---

[1] While it appears as though Plaintiff still fails to sufficiently plead diversity jurisdiction in its Amended Complaint, Deutsche Bank has been unable to review the affidavit filed under seal, purportedly filed in support of the Amended Complaint. Notwithstanding the fact that Plaintiff's counsel is obligated to provide all parties with a copy of the affidavit filed under seal, and undersigned counsel has specifically requested a copy of the same, a copy of the affidavit has not been provided to Deutsche Bank, to date. So, Deutsche Bank is unable to confirm whether, in fact, Plaintiff has put forth enough to support a determination that diversity jurisdiction exists here.

## I.     FACTUAL BACKGROUND

1. On September 25, 2020, Plaintiff DREAM Capital Management LLC as Trustee for the DCFI NPN2 0215001 Trust ("***Plaintiff***") filed an Amended Complaint (the "***Complaint***").[2] ECF No. 25.

2. Plaintiff claims ownership of the Property located at 65 Wellwood Road, Portland, Maine 04103 (the "***Property***") as a result of a foreclosure action filed in Cumberland County Superior Court entitled *DREAM Capital Management LLC v. Hennessey, et als.,* Case No. RE-2016-365 (the "***Dream Foreclosure***").  ECF No. 25 at ¶ 34-35.

3. Deutsche Bank holds a recorded mortgage on the Property (the "***Mortgage***"). ECF No. 25 at ¶ 15-18; Ex. B – F.

4. Deutsche Bank was initially named as "a party in interest" in the Dream Foreclosure, however, Deutsche Bank was ultimately dismissed from the case because Deutsche Bank's mortgage lien was senior to Plaintiff's interest (and therefore, not a necessary party to the Dream Foreclosure action) and there was no basis in law or fact to foreclose out its interest (the "***Judgment***").  ECF No. 25 at ¶ 36.  A true and correct copy of the Judgment entered in the Dream Foreclosure is attached hereto as **Exhibit A.**

5. Following the dismissal of Deutsche Bank from the Dream Foreclosure, Dream Foreclosure completed the foreclosure sale, and – being the high bidder – obtained ownership of the Property.

6. Plaintiff filed this action on December 9, 2019, seeking to avoid and strike from the record Deutsche Bank's mortgage on the basis that: (i) a certain assignment (the

---

[2] The Amended Complaint was filed pursuant to the Court's Order granting Deutsche Bank's Motion to Vacate and denying without prejudice the portion of the Motion seeking a dismissal (ECF No. 16) and granting Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 17).  The Amended Complaint was filed on September 25, 2020.  ECF. No. 25.

"Assignment" is void because it is signed by Mortgage Electronic Registration Systems ("MERS") and such assignments are of no legal effect under *Bank of America, N.A. v. Greenleaf*, 96 A.3d 700, 707-08 (Me. 2014); and (ii) the Quitclaim Assignment ("Quitclaim Assignment") executed and filed by the originating lender, Nation One Mortgage Company, Inc., after it was administratively dissolved in the State of Massachusetts is of no legal effect.

7.  On June 12, 2020, Deutsche Bank moved, *inter alia,* to dismiss the Complaint on a number of grounds, including that Plaintiff failed to adequately allege diversity of citizenship. ECF No. 16.

8.  On July 6, 2020, Plaintiff sought leave to file an Amended Complaint to correct its insufficient diversity allegations. ECF No. 17.

9.  Plaintiff timely filed its Amended Complaint, which continues to take the position that the Assignment and Quitclaim Assignment are void as to not allow Deutsche Bank to "successfully commence and prosecute a foreclosure action to conclusion." ECF No. 25 at ¶ 20 and 37. As a result, Plaintiff seeks the entry of a declaratory judgment discharging Deutsche Bank's first-lien mortgage interest in the Property.

10. However, as set forth below, Plaintiff's Amended Complaint should be dismissed because: (i) the Quitclaim is valid, as a matter of law; and (ii) in any event, the Mortgage is still a valid, enforceable lien on the Property and Plaintiff improperly infuses into its analysis prerequisites to proof of standing in a foreclosure action.

## II. LEGAL ARGUMENT

### A. LEGAL STANDARD

11. A motion to dismiss under Rule 12(b)(6) must be granted if a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).  The "facial plausibility" standard requires allegations showing "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011) (*quoting SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010)); *see also Iqbal*, 556 U.S. at 678 (statin that the Court need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements").  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

      **B.**    **THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.**

    12.    Plaintiff alleges that Deutsche Bank's mortgage should be discharged because the Assignment by which Deutsche Bank took title to the Mortgage is void.  It claims that the assignor, Nation One Mortgage Company, Inc. ("Nation One"), had involuntarily dissolved approximately six years before the assignment was executed and that pursuant to MGL Chapter 155 § 51, "a dissolved corporation continues as a body corporate for only three (3) years after dissolution".  ECF No. 25 at ¶¶ 20-21.

    13.    Thus, Plaintiff claims that the involuntary dissolution of Nation One deprived it of authority to dispose of its property, including the Mortgage under Massachusetts law.  But, Plaintiff's reliance on MGL Chapter 155 § 51 is misplaced. *See* MGL Chapter 155 § 1 ("This chapter, unless expressly limited in its application, shall apply to all corporations created by or organized under the laws of the commonwealth, except … corporations subject to … chapter 156D…").  Chapter 155 applies to corporations that do not fall under other statutory provisions.

14. For-profit corporations existing as of and after July 1, 2004, such as Nation One, are governed by Chapter 156D. *See* MGL Chapter 156D § 17.01; Exhibit B. And, MGL Chapter 156D § 14.21(c) specifically states that "[a] corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs under section 14.05 and notify claimants under sections 14.06, 14.07 and 14.08." *See also*, MGL Chapter 156D § 14.05(a)(5). Accordingly, the dissolution of Nation One did not affect its ability to divest itself of its residual interest in the Mortgage; and the Quitclaim Assignment is valid and enforceable.

15. That aside, Plaintiff relies on the decision in *Beal Bank USA v. New Century Mortg. Corp.*, 217 A.3d 731 (Me. 2019). In *Beal Bank*, the plaintiff sought to compel an assignment of the mortgage under the equitable trust doctrine. The court denied the relief, concluding that although the holder of the note may retain some equitable interest in the accompanying mortgage, any such interest, standing alone, is not sufficient to establish a 'pre-foreclosure right' to compel its assignment. *Id*. at 735.

16. The *Beal Bank* decision has nothing to do with this case. *Beal Bank* analyzed whether a court could compel an assignment of a mortgage based upon a claimed equitable interest in it owned by the plaintiff. Merely because Beal Bank could not compel an assignment, it does not somehow follow that Deutsche Bank's debt should be marked satisfied in the land records or that Plaintiff is entitled to a declaratory judgment striking the Mortgage.

17. Moreover, even if the assignment of mortgage to Deutsche Bank is somehow invalid (which Deutsche Bank disputes), the Mortgage remains unaffected because the Law Court explicitly opened the door for lenders to prove their ownership rights in the mortgage through other evidentiary avenues. *Bank of America, N.A. v. Greenleaf*, 96 A.3d 700, 707-08

5

(Me. 2014).

18. The *Greenleaf* case, in the main, concerned how to establish the standing of a plaintiff in the context of a foreclosure action. It does not follow from the *Greenleaf* decision that any mortgage: (i) filed in Maine; (ii) which names MERS as the mortgagee and names a later defunct, inactive or dissolved entity as nominee; (iii) is unenforceable.

19. In fact, the Maine Legislature recognized the legal effect of such mortgages originated to subsequently defunct, inactive or dissolved entities when it passed 33 M.R.S.A. § 508, after *Greenleaf* was handed down (and in response to that decision). In that statute, the Maine Legislature created presumptions in favor of the validity of assignments, releases and discharges of nominee mortgages. *Id*. Such a statute would be unnecessary if Plaintiff's argument regarding the effect of Nation One's dissolution on the validity of the Mortgage is to be credited, because (1) if the original lender was defunct, the mortgage would be invalid as a matter of law and there would be no need for the nominee mortgagee to execute a partial release or discharge of the mortgage; and (2) if the original lender was *not* defunct, it could execute any required partial release or discharge of that mortgage itself.[3]

20. Furthermore, Plaintiff relies on Deutsche Bank's response to the Complaint in the Dream Foreclosure, in which Deutsche Bank responded that it was "without knowledge or information sufficient to form a belief" pertaining to an allegation related to whether it held the mortgage at issue. ECF No. 25 at ¶ 24-26.

21. That argument is a non-starter for several reasons.

---

[3] While the Maine Courts continue to decide foreclosure cases in a way that sets Maine apart from the rest of the nation, the Maine Legislature saw that the Law Court went too far when deciding *Greenleaf*. A fair reading of *Greenleaf* was not only could MERS not assign mortgages; it could also not release them once paid off. In a partial cure of the chaos created by *Greenleaf* – in order to protect the property interest of the owners of property encumbered by MERS Mortgages, the Maine Legislature had no choice but to back the *Greenleaf* case up to protect the property owners' rights to have a mortgage released when the underlying loan is paid off.

22. *First*, Plaintiff cites to no legal authority for the proposition that a response to an allegation in a complaint, leaving the plaintiff to its proof based on a lack of information and knowledge *at the time of filing*, can somehow be later construed as an admission against that party.  This is particularly true where the party is later dismissed from the lawsuit without an adjudication on the merits of any of the allegations against it.

23. *Second*, it would be *reasonable* for Deutsche Bank to have answered the complaint in that fashion.  By Plaintiff's own admission, the Law Court's decision in *Greenleaf* had already come down, the Dream Foreclosure was filed in 2016, and the Quitclaim Assignment wasn't executed until 2018.  And so, while *Greenleaf* contemplates that a party may have the ability to demonstrate that it holds a mortgage through other evidentiary avenues, it wouldn't be unreasonable for Deutsche Bank to have taken a neutral position in its response to the allegations in the Dream Foreclosure under the circumstances.

24. Finally, Plaintiff has no legal authority to support a conclusion that any decision by Deutsche Bank not to foreclose somehow implicates the validity of its Mortgage.

25. Accordingly, the claim fails as there is no basis in law or fact to quiet title based on the alleged invalidity of an assignment of a mortgage.

### III.      CONCLUSION

For the foregoing reasons stated herein, Deutsche Bank respectfully requests that the Court dismiss the Amended Complaint in its entirety, with prejudice, and enter such other relief as the Court deems just and proper.


Dated: Portland, Maine
       October 2, 2020

**DUANE MORRIS LLP**

 /s/ Brett L. Messinger
By:     Brett L. Messinger
2 Monument Square, Ste. 505
Portland, ME 04101-3406
blmessinger@duanemorris.com
215.979.1508

*Attorneys for Defendant Deutsche Bank National Trust Company, as Trustee of the Residential Asset Securitization Trust 2006-A9CB, Mortgage Pass-Through Certificates, Series 2006-1 under the Pooling and Servicing Agreement dated July 1, 2006*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of October, 2020, the foregoing was the electronically filed with the Clerk of the Court using the CM/ECF, and a copy was served by via email to counsel of record for the Plaintiff.

By:/s/ Kassia Fialkoff<br>
Kassia Fialkoff

DM1\11445908.1