UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DREAM CAPITAL MANAGEMENT LLC as Trustee for the DCFI NPN2 0215001 Trust, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Docket No. 2:19-cv-00560-NT<br>) |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of the Residential Asset Securitization Trust 2006-A9CB, Mortgage Pass-Through Certificates, Series 2006-1 under the Pooling and Servicing Agreement dated July 1, 2006, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

Before me is the Defendant's motion to dismiss the Plaintiff's Amended Complaint ("**FAC**") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted ("**Def.'s Mot.**") (ECF No. 30). For the reasons stated below, the motion to dismiss is **DENIED**.

**BACKGROUND**

At the heart of the FAC and the Defendant's motion are a series of mortgage assignments involving two mortgages on a property in Portland, Maine (the "**Property**"). I begin with the tortuous history of the first mortgage. In 2006, Sheila Hennessey and Dennis Hennessey executed and delivered to Mortgage Electronic Registration Systems, Inc. ("**MERS**"), as nominee for Nation One Mortgage Company

("**Nation One**"), a promissory note and mortgage (the "**First Mortgage**") secured by the Property. FAC ¶¶ 15–16 (ECF No. 25); Compl. Ex. B (ECF No. 1-2). In 2009, and again in 2010, MERS, as nominee for Nation One, executed assignments in an effort to assign the First Mortgage to OneWest Bank, FSB ("**OneWest**"). FAC ¶¶ 17–18; Compl. Ex. C (ECF No. 1-3); Compl. Ex. D (ECF No. 1-4). In 2012, Nation One involuntarily dissolved. FAC ¶ 20.

In 2013, OneWest executed an assignment (the "**2013 Assignment**") in an effort to assign the First Mortgage to the Defendant, Deutsche Bank National Trust Company, as Trustee of the Residential Asset Securitization Trust 2006-A9CB, Mortgage Pass-Through Certificates, Series 2006-1 under the Pooling and Servicing Agreement dated July 1, 2006 ("**Deutsche Bank**"). FAC ¶ 19; Compl. Ex. E (ECF No. 1-5). In 2018, an individual purporting to represent Nation One executed a quitclaim assignment (the "**2018 Quitclaim Assignment**") in an effort to convey the First Mortgage to Deutsche Bank. FAC ¶ 20.

In 2007, the Hennesseys obtained a second mortgage on the Property (the "**Second Mortgage**") from Advanced Financial Services, Inc. ("**AFS**"). Compl. Ex. F (ECF No. 1-6). In 2016, AFS assigned the Second Mortgage to the Plaintiff, Dream Capital Management LLC as Trustee for the DCFI NPN2 0215001 Trust ("**Dream Capital**"). Compl. Ex. F. In 2017, a Maine state court issued a "Judgment of Foreclosure and Sale" on the Second Mortgage, granting Dream Capital the right to sell the equity of redemption in the Property.[1] Compl. Ex. I (ECF No. 1-9).

---

[1] The Plaintiff and the Defendant appear to be under the impression that the Defendant has title to the real property at issue (the "**Property**"). FAC ¶ 11 (ECF No. 25) (seeking to quiet title);

The Plaintiff now brings this action seeking a declaratory judgment that the First Mortgage is invalid and that Dream Capital has clear title to the Property. FAC 6–8. The Plaintiff theorizes that although the 2013 Assignment and 2018 Quitclaim Assignment were intended to assign the First Mortgage to Deutsche Bank, neither assignment is valid and thus Deutsche Bank is not the holder of the First Mortgage. The 2013 Assignment is purportedly invalid because it was executed by OneWest, which itself did not hold the First Mortgage because it was improperly assigned the First Mortgage by MERS rather than Nation One. FAC ¶¶ 22–23. And the Plaintiff claims that the 2018 Quitclaim Assignment is invalid because it was allegedly executed in violation of Massachusetts law, since Nation One was involuntarily dissolved six years prior to the 2018 Quitclaim Assignment and Nation One could only convey property for three years after its termination as a corporate entity. FAC ¶¶ 20–21.

---

Def.'s Reply 1 (ECF No. 39) ("This unusual case involves claims by a second lienholder who became the title owner of property after it completed its foreclosure action . . . ."). I question whether Dream Capital actually has valid title to the Property, rather than the mortgagor's equity of redemption. *See* Compl. Ex. I at 3 (ECF No. 1-9); *Prof-2014-S2 Legal Title Tr. II, by U.S. Bank Nat'l Ass'n v. Sidelinger*, Civil No. 2:19-CV-220-DBH, 2020 WL 6292742, at *5 (D. Me. Oct. 26, 2020) ("[I]n the case of a second mortgage foreclosure, the interest foreclosed on and the interest subsequently sold at a public sale is not the fee interest in the land . . ., but the mortgagor's equity of redemption, . . . [the] right to redeem the property from the first mortgagee . . . ." (alterations in original) (quoting *Brickyard Assocs. v. Auburn Venture Partners*, 626 A.2d 930, 933 (Me. 1993))). Indeed, the Judgment of Foreclosure and Sale issued by the State Court shows a handwritten amendment, presumably added by the Superior Court Justice who issued the order, which indicates that "because the Dream Capital mortgage is a second mortgage," Dream Capital only received the right to sell the "equity of redemption," not the mortgaged real estate. Compl. Ex. I at 3.

3

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the "legal sufficiency" of a complaint. *Me. Educ. Ass'n Benefits Tr. v. Cioppa*, 842 F. Supp. 2d 373, 376 (D. Me. 2012). The general rules of pleading require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That "short and plain statement" need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and alterations omitted); *see Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (complaint need not contain "an exposition of [plaintiff's] legal argument," nor must it "pin plaintiff's claim for relief to a precise legal theory").

To determine whether a complaint states a claim, courts in the First Circuit follow a two-step analysis. First, the court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Carrero-Ojeda v. Autoridad de Energía Eléctrica*, 755 F.3d 711, 717 (1st Cir. 2014) (internal quotations omitted). Then, taking all well-pleaded facts as true and "drawing all reasonable inferences in plaintiff's favor," the court must determine whether the complaint "plausibly narrate[s] a claim for relief." *Id.* (internal quotations omitted). "Plausible" means "more than merely possible" but does not require all facts necessary to establish a prima facie case. *Id.* at 717–18 (internal quotations omitted). Although a plaintiff need not establish a prima facie case of his or her claim at the pleading stage, "the elements of a prima facie case may be used as a prism to shed light upon the plausibility of the claim." *Rodríguez-Reyes v. Molina-*

*Rodríguez*, 711 F.3d 49, 54 (1st Cir. 2013). Distinguishing sufficient from insufficient pleadings is a "context-specific task." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## DISCUSSION

The Defendant moves to dismiss the FAC for failure to state a claim primarily on the ground that the Plaintiff's attack on the 2018 Quitclaim Assignment fails as a matter of law. Def.'s Mot. 4–5. The Plaintiff relies on Section 51 of Chapter 155 of the Massachusetts General Laws. FAC ¶ 21; Pl.'s Opp'n to Def.'s Mot. to Dismiss ("**Pl.'s Opp'n**") 2 (ECF No. 32). Section 51 states that

> Every corporation whose charter expires by its own limitation or is annulled by forfeiture or otherwise, or whose corporate existence for other purposes is terminated in any other manner, shall nevertheless be continued as a body corporate for three years after the time when it would have been so dissolved for the purpose of prosecuting and defending suits by or against it and of enabling it gradually to settle and close its affairs, to dispose of and convey its property and to divide its capital stock, but not for the purpose of continuing the business for which it was established; provided, that the corporate existence of such a corporation, for the purposes of any suit brought by or against it within said period of three years, shall continue beyond said period for a further period of sixty days after the final judgment in the suit.

Mass. Gen. Laws ch. 155 § 51 (2020). The Plaintiff reads this statute to mean that Nation One was required to wrap up its affairs by 2015 and thus could not have executed the 2018 Quitclaim Assignment.[2]

But Chapter 155 applies "to all corporations created by or organized under the laws of" Massachusetts, *except*, as potentially relevant here, corporations subject to

---

[2] I note that requiring a corporation to continue as a body corporate for three years to allow it to prosecute and defend suits by or against it and to enable it to close its affairs and dispose of its assets is not the same thing as limiting a corporation to a three-year wind-up period.

5

Chapter 156D. Mass. Gen. Laws ch. 155 § 1. The Defendant contends that "[f]or-profit corporations existing as of and after July 1, 2004, such as Nation One, are governed by Chapter 156D." Def.'s Mot. 5. Chapter 156D allows an "administratively dissolved" corporation to "continue[] its corporate existence but [it] may not carry on any business except that necessary to wind up and liquidate its business and affairs . . . ." Mass. Gen. Laws ch. 156D § 14.21(c). The Plaintiff halfheartedly contests the application of Chapter 156D, but it contends that even under the temporally indefinite language of § 14.21(c), a reasonableness standard should be imposed. Pl.'s Opp'n 2–3. The Plaintiff asserts that conveyance of property six years after a corporation is terminated is not reasonable. Pl.'s Opp'n 3. The Defendant scoffs at the idea of imposing a reasonableness requirement and points out that none of the cases cited by the Plaintiff for that proposition are on point. Def.'s Reply 2 (ECF No. 39).

Assuming a reasonableness inquiry is legally permissible in the context of this particular statute, the question of reasonableness here entails an assessment of the facts, an exercise that is premature at the motion to dismiss stage. In addition, there are significant unanswered questions that are not addressed by the allegations of the First Amended Complaint and/or the supplemental filings accompanying the Defendant's Motion that preclude a decision on a motion to dismiss. Chapter 156D applies to corporations that have been "administratively dissolved," but I cannot tell on this record whether Nation One was "administratively dissolved."³ Nor can I say

---

³ The Defendant attaches as an exhibit a "Business Entity Summary" for Nation One seemingly to establish that Nation One is a for-profit corporation that existed as of July 1, 2004. *See* Mot. to Dismiss Am. Compl. Ex. B ("**Ex. B**") (ECF No. 30-2). Assuming that I can consider, on a motion to dismiss, a document outside the complaint that is an official public record the authenticity of which is

6

whether Nation One is a "corporation[] organized for the purpose of carrying on the business of a bank, savings bank, co-operative bank, trust company, credit union, surety or indemnity company, or safe deposit company," all of which are outside the reach of Chapter 156D. Mass Gen. Laws ch. 156D § 17.01.[4]

These factual matters preclude me from determining as a matter of law that Chapter 156D applies (and thus that Chapter 155 does not apply) and that Deutsche Bank validly holds the First Mortgage.[5] Considering the arguments raised by the Defendant in light of the record before me, I cannot state that the Plaintiff's Amended Complaint fails to state a valid claim for relief.[6]

---

undisputed, *see Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 47 n.1 (1st Cir. 2009), the Business Entity Summary does not indicate whether Nation One was administratively dissolved. The Business Entity Summary indicates that the company was involuntarily dissolved "by Court Order or by the SOC." Ex. B at 1. Although the document suggests that an "Administrative Dissolution" filing may exist, that document was not provided by the Defendant. Ex. B at 2.

[4]   There is nothing in the record before me that indicates whether Nation One falls into any of these categories.

[5]   The Defendant points out that even if the 2013 Assignment and 2018 Quitclaim Assignment are invalid, Deutsche Bank would still have other means to prove its ownership rights to the First Mortgage. Mot. to Dismiss Am. Compl. 5–6 (ECF No. 30) (citing *Bank of Am., N.A. v. Greenleaf*, 96 A.3d 700, 707–08 (Me. 2014)). In response to this argument, the Plaintiff asserts merely that it is "unclear how an entity that wishes to foreclose and finds itself in the Defendant's position . . . can hope to bring a successful foreclosure action." Pl.'s Opp'n to Def.'s Mot. to Dismiss 5 (ECF No. 32). While there may be alternative ways open to Deutsche Bank to prove its ownership of the First Mortgage, it has not done so yet. It is premature, on a motion to dismiss, to conclude that Deutsche Bank validly holds the First Mortgage.

[6]   I do note the odd fit between the Plaintiff's theory of liability and its claim for relief. The Plaintiff asserts that because Deutsche Bank does not validly own the First Mortgage, the First Mortgage should be discharged and Dream Capital should be declared the sole owner of the Property. FAC 7–8. This makes little sense. The Plaintiff assumes that a judgment that Deutsche Bank has no claim to the First Mortgage makes the First Mortgage vanish entirely and vests ownership of the Property in Dream Capital. It is not at all clear to me how knocking Deutsche Bank out of the way benefits Dream Capital, which appears to validly hold at this juncture only the mortgagor's right to redeem the First Mortgage. If the First Mortgage is not held by Deutsche Bank, then presumably it is still held by Nation One. That raises a host of other issues. For example, it may be the case that joinder of Nation One is required pursuant to Rule 19, and dismissal might be proper if Nation One cannot be

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Defendant's motion to dismiss (ECF No. 30).

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 2nd day of December, 2020.

---

joined. *See* Fed. R. Civ. P. 19(a)(1), (b)(1). These issues have not been briefed, and I make no prediction as to how they might play out.